UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 0336

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Magistrate Case No._____ |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR VIOLATION OF |
| v. | ) | |
| | ) | |
| Evelyn HERRERA | ) | Title 8, U.S.C., Section |
| | ) | 1324(a)(2)(B)(iii)- |
| Defendant, | ) | Bringing in Illegal Aliens |
| | ) | Without Presentation |

The undersigned complainant being duly sworn states:

On or about **February 4, 2008**, within the Southern District of California, defendant **Evelyn HERRERA**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Brenda Liliana VARGAS-Martinez**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this 6th day of **February, 2008**.

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that **Brenda Liliana VARGAS-Martinez** is a citizen of a country other than the United States; that said alien has admitted she is deportable; that her testimony is material; that it is impracticable to secure her attendance at trial by subpoena; and that she is a material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On February 4, 2008, at about 8:25 p.m., **Evelyn HERRERA (Defendant)** made application for admission into the United States at the Otay Mesa, California Port of Entry as the driver and sole visible occupant of a Ford Explorer with no prior border crossings. Upon inspection before a United States Customs and Border Protection (CBP) Officer, Defendant presented her driver license as proof of identity. Defendant claimed ownership of the vehicle for about seven months and presented a Department of Motor Vehicle registration in her name. Defendant also gave two negative customs declarations. The CBP Officer observed the Defendant was nervous, particularly that her hands were shaking. The CBP Officer proceeded to conduct an inspection of the vehicle and observed abnormalities in the undercarriage area of the vehicle. CBP Officers conducting pre-primary roving responded to the vehicle assisted in locating an access panel but were unable gain entry to the compartment. Defendant then voluntarily informed the CBP Officers that there was a human being concealed in the compartment. Defendant and the vehicle were subsequently escorted to secondary for further inspection.

In secondary, the inspection of the vehicle resulted in the discovery of two females concealed in a non-factory compartment. The two females extracted from the vehicle were determined to be undocumented aliens and citizens of Mexico. One of the two undocumented aliens was retained as a material witness and is no now identified as **Brenda Liliana VARGAS-Martinez.**

During a videotaped proceeding, Defendant was advised of her Miranda rights and elected to submit to questioning without benefit to counsel. Defendant admitted she agreed to have the vehicle registered in her name three days prior to the smuggling act in order minimize any suspicion from Customs and Border Protection Officers. Defendant admitted she had no interest as to ownership of the vehicle other than the intended use of smuggling. Defendant admitted to the transportation of at least one concealed undocumented alien. Defendant admitted to arrangements to drive and deliver the vehicle to an unspecified location in California. Defendant admitted she was to be monetarily compensated $1,200.00 USD for the smuggling act.

On a separate videotaped interview, the material witness declared she is a citizen of Mexico without immigration documents that would permit her to legally enter the United States. Material witness stated she agreed to pay $4,000.00 USD to be smuggled in the United States. Material witness stated she intended to travel to California to seek residency, employment and enroll in an adult school.