PROB 12C
(04/08)

July 1, 2008

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Evelyn HERRERA (English)  **Dkt No.:** 08-CR-0468-001-BTM

**Reg. No.:** 07121-298

**Name of Sentencing Judicial Officer:** The Honorable Barry Ted Moskowitz, U.S. District Judge

**Date of Sentence:** June 6, 2008

**Original Offense:** 8 U.S.C. § 1324 (a)(2)(B)(iii) and 18 U.S.C. § 2, Bringing in Illegal Aliens without Presentation and Aiding and Abetting, a Class C felony.

**Sentence:** 3 years probation (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Type of Supervision:** Probation            **Date Supervision Commenced:** June 6, 2008

**Asst. U.S. Atty.:** Steven DeSalvo          **Defense Counsel:** Kerry Lee Armstrong (retained)
                                                                  (619) 234-2300

**Prior Violation History:** None.

---

PETITIONING THE COURT

TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|---|
| **(Mandatory Condition)** Refrain from any unlawful use of a controlled substance. *(nv3)* | 1. | On June 12, 2008, Ms. Herrera used marijuana as evidenced by her admission to the probation officer on June 16, 2008. |
| | 2. | On June 12, 2008, Ms. Herrera used cocaine as evidenced by her admission to the probation officer on June 16, 2008. |
| | 3. | On June 14, 2008, Ms. Herrera used Vicodin as evidenced by her admission to the probation officer on June 16, 2008. |
| | 4. | Ms. Herrera used a controlled substance, as evidenced by the urine sample she submitted at the U.S. Probation Office on June 16, 2008, which tested positive for amphetamine and methamphetamine. |
| | 5. | Ms. Herrera used a controlled substance, as evidenced by the urine sample she submitted at the U.S. Probation Office on June 23, 2008, which tested positive for cocaine. |

***Grounds for Revocation:*** As to allegations 1, 2, and 3, during the initial supervision interview on June 16, 2008, Ms. Herrera admitted to the probation officer she used marijuana, cocaine, and Vicodin on June 12, 2008. She did not have a lawful medical prescription for Vicodin.

As to allegations 4 and 5, I received and reviewed the U.S. Pretrial Laboratory test results which confirm that Ms. Herreara submitted urine samples on the above dates which tested positive for illicit drug use. On June 16, 2008, she admitted to using amphetamines and methamphetamine and on June 12, 2008, she also admitted using cocaine.

| | | |
|---|---|---|
| **(Special Condition)**<br>Not associate with known drug traffickers or users. | 6. | On June 20, 2008, Ms. Herrera associated with a known drug user. |

**_Grounds for Revocation:_** During an office appointment (on June 23, 2008), Ms. Herrera reported she associated with a friend who is a drug user on June 20, 2008.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

During the initial supervision interview, on June 16, 2008, Ms. Herrera's urine specimen tested positive for amphetamine and methamphetamine; she also reported she had used marijuana, cocaine, and Vicodin, the latter without a valid medical prescription. The offender reported she was depressed and wanted help to address her substance abuse issues. The probation officer responded to the noncompliance by admonishing the offender and instructing Ms. Herrera to undergo an evaluation to obtain further information concerning her mental health and any possible chemical dependency issues. On June 23, 2008, Ms. Herrera tested positive for cocaine use and admitted using said drug with a friend on June 20, 2008.

At this juncture, the probation officer is requesting Court intervention (a bench warrant) to address the current noncompliance.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Ms. Herrera currently resides with mother and father in San Diego County. She is currently working in telemarketing and earns $8 per hour. The offender has enrolled at a nearby adult school and plans to begin working on her high school diploma shortly.

The presentence report reveals Ms. Herrera related she did not have a history of substance abuse. But during her initial supervision interview and mental health evaluation she divulged she had experimented in the past with marijuana, ecstasy, amphetamine and methamphetamine, cocaine, narcotic analgesics, such as Vicodin (without a valid medical prescription), and benzodiazepines such as Rohypnol. The therapist diagnosed Ms. Herrera with Major Depressive Disorder, Cannabis Abuse, Cocaine Abuse, and Methamphetamine Abuse. The treatment modality recommended for the offender's rehabilitation encompasses weekly individual therapy, a psychotropic medication evaluation, and participation in outpatient drug treatment services.

## SENTENCING OPTIONS
## CUSTODY

**Statutory Provisions:** Upon the finding of a violation the court may continue probation, extend the term of probation, modify the conditions of supervision, or revoke probation and resentence under Subchapter A. 18 U.S.C. § 3565 (a) (1) and (2).

If probation is revoked, the maximum term of imprisonment is <u>10 year(s)</u>. 8 U.S.C. § 1324 (a)(2)(B)(iii).

**USSG Provisions:** The allegations (illicit drug use and association with drug users) constitute Grade C violations. USSG § 7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke probation; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade <u>C</u> violation with a Criminal History Category <u>I</u> (determined at the time of sentencing) establishes an **imprisonment range of <u>3</u> to <u>9</u> months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Pursuant to USSG § 7B1.3(d), p.s., any home detention shall be ordered to be served, in addition to the sentence imposed as a result of the revocation. In this case, the offender has not served 120 days of the court-ordered home detention.

## IMPOSITION OF SUPERVISED RELEASE

**Statutory Provisions:** If the court imposes a sentence of imprisonment, it may include a term of supervised release as part of the sentence. 18 U.S.C. § 3583(a) and (b).

A term of not more than three years supervised release is authorized. 18 U.S.C. § 3583(b)(2).

**USSG Provisions:** If probation is revoked and a period of imprisonment is imposed, the provisions of USSG §§ 5D1.1-1.3 will apply to imposing a term of supervised release. USSG § 7B1.3(g)(1), p.s.

If a sentence of imprisonment of one year or less is imposed, a term of supervised release of at least two years but not more than three years is optional. USSG §§ 5D1.1(b) and 5D1.2(a)(2)

If a sentence of imprisonment is imposed which exceeds one year, the court is required to impose a term of supervised release of at least two years but not more than three years. USSG §§ 5D1.1(a) and 5D1.2(a)(2).

## RECOMMENDATION/JUSTIFICATION

Ms. Herrera has failed to follow the orders of the Court, despite Your Honor's sentence of probation, which allowed her to avoid a custodial term. It seems the offender is not ready to avail herself fully of the resources offered by probation to further her efforts at rehabilitation.

Based on all available information, this officer recommends that probation be revoked and Ms. Herrera be sentenced to 60 days custody, followed by 34 months of supervised release, under the current terms and conditions, save for home confinement. It is also recommended that the offender be placed in a Residential Reentry Center (RRC) for a period of 60 days, as directed by the probation officer. It is hoped that this recommendation will serve as a deterrence for any future noncompliance, and at the same time assist Ms. Herrera in her rehabilitative journey.

I declare under penalty of perjury that the
foregoing is true and correct.

Executed on: July 1, 2008

Respectfully submitted:                             Reviewed and approved:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by _____                          _____
   Carlos Hernandez                                 Sean Quintal
   United States Probation Officer                  Supervising U.S. Probation Officer
   (619) 557-5862

# VIOLATION WORKSHEET

1. **Defendant:** HERRERA, Evelyn

2. **Docket No.** (Year-Sequence-Defendant No.): 08-CR-0468-001-BTM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | illicit drug use | C |
   | associating with drug users | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))         [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))               [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))              [ 3 - 9 months]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | Restitution | $ | Community Confinement | |
   |---|---|---|---|
   | Fine | $ | Home Detention | 120 days |
   | Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

__✓__    A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY PROBATION SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____    Other _____

_____    _____
The Honorable Barry Ted Moskowitz           7/7/08
U.S. District Judge                         Date